RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  1/3/07

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ABBEVILLE OFFSHORE QUARTERS, INC. | CIVIL ACTION NO: 05 CV 740 |
| VERSUS | JUDGE HAIK |
| TAYLOR ENERGY COMPANY | MAG. JUDGE METHVIN |

## RULING

Before this Court is Cross Motions for Summary Judgment filed by Taylor Energy Company (Doc# 43) and XL Specialty Insurance Company (Doc# 39) to determine whether XL Specialty Insurance has a duty to provide its additional insured, Taylor Energy Company, with Indemnification and Defense for the above captioned lawsuit. After a full review of the record and being fully advised in the premises, the motion by Taylor Energy Company (Doc# 43) is **DENIED** and the motion by XL Specialty Insurance Company (Doc# 39) is **GRANTED** for the following reasons:

Taylor contracted with Abbeville to build and lease living quarters for Taylor's offshore oil platforms. The Master Service Contract ("MSC"), generated by Taylor and executed by both Taylor and Abbeville, outlines the rights and obligations between Taylor and Abbeville. Thereafter, Abbeville leased living quarters to Taylor that were totally destroyed by Hurricane Ivan while located on Taylor's offshore platform. Abbeville filed the above captioned lawsuit against Taylor seeking compensation for the totally destroyed living quarters that were leased to Taylor. Taylor filed a motion for summary judgment seeking the enforcement of the MSC against Abbeville, and indemnification and defense from its insurer, XL, the third party defendant. XL filed a cross summary judgment against Taylor. On November 15, 2006, this court, after oral arguments, granted

Taylor's motion against Abbeville dismissing the claims by Abbeville against Taylor as provided under the MSC, and took the issue of whether XL has a duty to defend Taylor under advisement.

Rule 56(c) of the Federal Rules of Civil Procedure states that "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as the any material fact and that the moving party is entitled to a judgment as a matter of law."

XL's Marine Comprehensive Policy provides coverage for property damage to which the insurance applies:

SECTION I- COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
Insuring Agreement.

1. We will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages.

Under the MSC, Section 3, Abbeville is legally obligated to procure the different insurance coverages listed in "Exhibit A":

> 3. INSURANCE
> Contractor agrees to procure, maintain, and amend, at its sole expense, policies of insurance in the amounts outlined on that certain document attached hereto as Exhibit "A", which may from time to time be changed in accordance with Taylor's request as its needs and requirements change, which coverage shall fully address the liabilities assumed hereunder.

Further, Section 3 legally obligated Abbeville to name Taylor as an "Additional Insured" to extent of Abbeville's "Indemnification" obligations under the "MSC":

> To the extent of Contractor's indemnity obligations in this contract, said policies shall further contain endorsements naming Taylor as an additional insured under said policies and waive the underwriters' rights of subrogation in favor of Taylor, its co-lesses or joint

venturers.

The MSC, Section 4, legally obligated Abbeville to provide Talyor with Indemnification for the following causes of action:

### 4. INDEMNITY

> Contractor shall be responsible, and Taylor shall never be liable, for property damage suffered by, or personal injury to or death of Contractor, any of Contractor's employees or the employees of Contractor's subcontractors, and Contractor agrees to indemnify and hold harmless Taylor, against any and all claims, demands or suits (including, but not limited to, claims, demands, or suits for property damage, bodily injury, illness, disease, death or loss of services, property or wages) which may be brought against Taylor by any employee of Contractor, subcontractor of Contractor, or by any employee of subcontractor of Contractor, or the legal representative or successor of any such employee, in anywise arising out of or incident to the work to be performed under this contract by Contract...

> Contractor further agrees to investigate, handle, respond to, provide defense for, and defend any such claim, demand, or suit at its sole expense, and agrees to bear all other costs and expenses related thereto, even if it is groundless, false or fraudulent, but Contractor may make such investigation, negotiation and settlement of any such claim, demand or suit as it deems expedient.

The language of Section 4 is restated in "Exhibit A" of the MSC:

> It is further agreed that each such policy other than the Workers' Compensation policies shall name COMPANY as an Additional Insured to the extent of Contractor's indemnity obligations in the Contract.

Further, XL's Marine Comprehensive Policy, Exclusion 23a, does not provide coverage to insured parties for damages to property that Abbeville owns, rents or occupies:

> A. EXCLUSIONS APPLICABLE TO SECTION I, COVERAGES A AND B ONLY:
>
> Notwithstanding anything to the contrary contained in this policy, it

is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

23. "Property Damage" to:
a. Property you own, rent, or occupy;

There is no dispute between the parties that the definition of the word "you" inside Exclusion 23a applies to Abbeville only. Taylor argues that if the Separation of Insured Clause in XL's policy is properly applied, then Exclusion 23a does not apply to Taylor:

Section VIII General Conditions

14. Separation of Insureds

Except with respect to Limits of Insurance, which are in no way increased, and any rights or duties specifically assigned to the first Named Insured in this insurance policy, which are in no way expanded, this insurance applies:

a. As if each Named Insured were the only Named Insured; and
b. Separately to each insured against whom claim is made or "suit" is brought.

The duty to defend is broader than the duty to indemnify under Louisiana insurance law. Jensen v. Snellings, 841 F.2d 600, 612 (5th Cir.1988). The duty to defend is determined solely by a comparison of the allegations of the complaint against the insured with the terms of the policy. Id. (citing Vaughner v. Pulito, 804 F.2d 873, 876-77 (5th Cir.1986)) (applying Louisiana law). If the allegations "unambiguously and absolutely" exclude coverage under the policy, the insurer is relieved of the duty to defend. Vaughner, 804 F.2d at 877.

Under Louisiana law, an insurance contract must be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." La.Rev.Stat. 22:654. An insurance policy "should not be interpreted in an unreasonable or a strained manner so as to

enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *Id.* The extent of coverage is determined by the "parties' intent as reflected by the words in the policy." *Id.* Words in the policy "are to be understood in their common and usual significance,' focusing on general and popular use." Stewart Title Guaranty Co. v. Kiefer, 984 F. Supp.988 (E.D.La.1997) (quoting Jensen v. Snellings, 841 F.2d 600, 617 (5th Cir.1988)). "Once coverage has been extended, ⋯ it should be withdrawn only when exclusion is established with certainty." Stewart Title Guaranty Co. v. Kiefer, 984 F. Supp.988 (E.D.La.1997) (quoting Ogima v. Rodriguez, 799 F. Supp. 626, 630 (M.D. La.1992)).

In this case, unlike Sonat Exploration[1], Saavedra[2], and Klepac[3], Abbeville's has no legal duty to indemnify and defend Taylor for claims brought by Abbeville, as a juridical person, against Taylor under the MSC which governs the relationship between Abbeville and Taylor.

Abbeville filed suit against Taylor based on Abbeville's offshore living quarters being totally destroyed by Hurricane Ivan while located on Taylor's offshore platform. Taylor is seeking insurance Defense coverage from XL against the lawsuit filed by Abbeville. The MSC required that Abbeville obtain several types of insurance. Further, Abbeville is obligated to have Taylor named as an additional insured on the policies to the extent of Abbeville's indemnification obligations under the contract. For Abbeville's indemnification obligations, Abbeville is also obligated to provide Taylor with a defense. The MSC obligates Abbeville to provide indemnification and defense to Taylor "against any and all claims, demands or suits which may be brought against Taylor by any employee of Contractor, subcontractor of Contractor, or by any employee of subcontractor of Contractor, or

---

[1] 85 F. Supp. 649 (W. D. La. 2000).

[2] 930 F.2d 1104 (5th Cir.1991).

[3] 842 F.2d 746 (5th Cir. 1998).

the legal representative or successor of any such employee..." The MSC, Section 4, does not read to extend to claims or suits brought against "Taylor by Contractor", who, in this case, is Abbeville, a juridical person.

Further, if the MSC extended coverage to claims against Taylor by Abbeville, then Exclusion 23a of XL's Marine Comprehensive Policy would apply. Exclusion 23a excludes coverage to any party covered under this policy for damages to property owned by Abbeville. The separation of insured clause does not read to extend coverage to an additional insured beyond the rights of Abbeville, its first named insured. See Stewart Title Guaranty Co. v. Kiefer, 984 F. Supp. 988 (E.D. La. 1997). Based on the foregoing, XL has no legal duty to provide Indemnification and Defense to Taylor.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 28th day of December, 2006.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA